W. WATT, ADMINISTRATOR, ETC., v. WHITE, SMITH & BALDWIN.

1. When notes given for land are transferred, the vendor's lien, if subsisting,
   also passes to the assignee.

2. C. purchased land in this State from W., and for the purchase money ex-
   ecuted his two notes for equal amounts, and due in one and two years re-
   spectively. W. transferred the first note to the appellees, and the second
   to the appellant. Appellees brought suit in Louisiana (where they lived)
   against C., by attachment of his property, which was replevied by bond
   and security for twice the value of the property; by which and by judg-
   ment in the Louisiana court in their favor, the appellees obtained a secu-
   rity more than sufficient to satisfy their demand. But, pending their at-
   tachment suit in Louisiana, both they and the appellants instituted
   suits in this State for the enforcement of their vendor's lien upon the
   land, and the court below rendered judgments in their favor at the same
   term, and decreed that the land be sold and the proceeds be equally divided
   between the appellant and the appellees. *Held,* that there is error in
   the judgment: that the vendor's lien is itself the creature of equity,
   and he who seeks the aid of equity, must himself do equity; that the
   appellees must first exhaust the security obtained by them in their at-
   tachment suit, or else must show that it is unavailable or insufficient, be-
   fore they can be permitted to resort to the land. And *held further,* that
   they should be postponed, not only to the appellant, but also to any sub-
   sequent mortgagees and judgment creditors, if any such there be.

APPEAL from Harrison. Tried below before N. H. Wilson,
Esq., sitting as special judge by agreement of parties, the judge
of the court having been of counsel.

The opinion of the court recites all of the facts which are deemed
material in elucidation of the principles decided. The appellees
were citizens and residents of Louisiana, as also was Cuthbertson,
the appellant's intestate.

*S. P. Donley,* for the appellant.

*Poag & McKay,* also for the appellant.—The appellant

was at least a simultaneous incumbrancer with the appellees, and ought to have been made a party to their suit in the court below. (See Hilliard on Mortgages, vol. 2, pp. 90 and 91.) If then appellant ought to have been a party to this suit, he is relieved of many of the difficulties to which an intervenor, strictly speaking, is subject. And in fact it is submitted that although appellant came into the court below at his own instance, yet he was properly a defendant, and hence had the right to defend in every manner, and avail himself of every defense which he could have done, had he been made a defendant by the appellees. (See Sayles's Practice, § 144; Hall v. Hall, 11 Texas, 546.)

The court erred in rendering judgment upon the special verdict, in directing said land to be sold and the proceeds applied to the payment of both debts.

Appellee at one time was an equal incumbrancer with appellant upon said land, but by his subsequent acts, he relinquished his lien. At the date of the institution of the attachment suit in Caddo Parish, appellees could have sought their remedy and foreclosed their lien in the district court of Harrison county; but they sought to avail themselves of a more convenient and speedy remedy, and one of as much certainty as an action against the land. Then there was an advantage to them, sufficient to induce them to abandon their lien, or at least to warrant the conclusion that such was their intention, and to seek other and better security. Had Coyle have consented to such abandonment, and the taking of other security, there can be no doubt but that the lien would have been relinquished and discharged. Certainly so when other incumbrancers are interested in such discharge. (10, S. & M., 128 and 191.) Then if by consent the lien could have been relinquished, why would the same result not follow, in a case where it was entirely in the power of appellees to do that which Coyle could in no wise avoid, and whether Coyle consented or not could in no wise affect the result.

Appellees voluntarily did that which compelled an involuntary act upon the part of Coyle, which if done by the consent of parties, would have relinquished said lien. How now can appellees complain at the result of their voluntary act and the involuntary act of Coyle, when they were in every particular the beneficiaries. If the lien was released as above urged the release took effect upon the levying of the attachment, and the fact that nothing had been or ever could be realized out of said attached property, affects not the question.

. A levy of an execution upon personal property, sufficient to satisfy the execution, is a satisfaction of the debt as between the debtor and creditor. (See 15 Texas Rep., 187 ; 4 Cowan, 417 ; 12 Johns. R., 207 ; 4 Mass. R., 403.)

Why would not an attachment levied on a sufficient amount of personal property to satisfy the same, (after judgment and condemnation, having relation back,) not be a satisfaction of the debt, or at least why would the same not be such additional security as to discharge the lien upon other property ?

An attachment in many instances has precedence to executions, and especially so when the attachment is first levied. (Drake on Attachment, p. 230, note.)

No brief for the appellees has reached the Reporter.

WALKER, J.—This is a contest between judgment creditors for priority of lien on lands belonging to the estate of William Coyle, deceased.

Coyle purchased lands situated in Harrison and Panola counties, from John Watt, in the year 1858, executing to Watt his two promissory notes dated December 18, 1858, for the sums of $2475 33 each, one due January 1, 1860, the other January 1, 1861. Watt transferred both the notes ; the one which fell due January 1, 1860, to the appellees, and the other to John Cuthbertson.

After maturity of the first note, the appellees commenced suit by attachment against Coyle, in the District. Court of Caddo Parish, in the State of Louisiana. The attachment was levied on personal property, which was appraised at $2725. Coyle replevied the property, giving bond in twice its appraised value. This action lingered in court without final judgment until 1868. In the mean time, Coyle died about the year 1863, and S. L. Lewis was appointed curator of the succession and was made party to the suit. W. R. Downes was the executor of the last will of Coyle, and was appointed and qualified and took out letters in Harrison county, Texas. In 1867, the appellees commenced another action upon their note, in the District Court of Harrison county, pending their action in Louisiana. They made Downes, the executor of Coyle's will, a party, and prayed judgment and an enforcement of the vendor's lien.

On the twenty-sixth of February, 1868, the District Court of Caddo Parish, Louisiana, rendered a judgment in favor of appellees for the full amount of their note with interest, sustaining the attachment and directing payment by the curator in due course of administration. But, for some reason not easy for this court to understand, they amended their petition in the District Court of Harrison county, setting up their Louisiana judgment, and praying an enforcement of the lien on the land purchased by Coyle from Watt. In the mean time, Cuthbertson, the assignee of the second note, had brought a suit on *his* note in the District Court of Harrison county, but he died before obtaining judgment, and William Watt, the appellant, had made himself party plaintiff to the action, and had also intervened in the action of the appellees, White, Smith & Baldwin. Both parties obtained judgment at the same term of the District. Court of Harrison county for the year 1868, and the court directed the sale of the land, and the proceeds of sale to be equally divided between the two judgments, they being the same in amount. The only question for us here to determine is, was this judgment erroneous ?

Both the notes were secured by the vendor's lien, and transferring the notes transferred the lien to the respective assignees.

Did White, Smith & Baldwin, then, abandon their lien by resorting to an attachment upon other property of the vendee, situated beyond the limits of the State, and invoking the aid of a foreign forum?

By the record it would appear that they obtained a security ample for the payment of their entire debt and costs. They were secured by the replevin bond, which was given in twice the value of the property attached, and that was more than the amount of their debt at the time.

We are clearly of the opinion that they must be held to have abandoned their vendor's lien, and they must exhaust the security which they obtained by their proceeding in attachment, or show that it is insufficient for the payment of their judgment, before they can come upon any other assets of the estate of Coyle. Equity will not allow one creditor to accumulate unnecessary securities for himself, to the prejudice of other creditors. The vendor's lien is itself the creature of equity, and he who seeks its aid must do equity in all things pertaining to it.

The judgment of the appellees will be postponed to the judgment of appellant, on the lands in controversy, and also to subsequent mortgagees, and judgment creditors, if there be such.

The judgment of the district court is reversed and cause remanded.

Reversed and remanded.