WILLIAM WATT, ADM'R, v. WHITE, SMITH & BALDWIN.

1. REMOVAL OF CAUSES TO THE UNITED STATES COURTS.—Under act of Congress of March 3, 1875, a party desiring to avail himself of the privilege of removing his cause to the United States courts is required to file his petition for such removal before the trial has begun : *Held*, That an application filed after the cause was called for trial, and the plaintiff had announced ready, and time had been granted the defendant to present an application for continuance, came too late, and was properly disregarded by the court.

2. SAME.—The failure to present an application for such removal for several courts after the case is at issue, is a waiver of the right to such change, the application not having been presented "on or before the term at which the said cause could be first tried."

3. CASES DISCUSSED.—Watts v. White, Smith & Baldwin, 33 Tex., 421, and White, Smith & Baldwin v. Downs, 40 Tex., 225, discussed.

4. CLAIMS AGAINST AN ESTATE.—In an appeal in a suit between parties, for priority of lien and against an estate, one of the lien holders, on appeal, cannot object that the party obtaining judgment against the estate enforcing the vendors' lien, (for benefit of which the litigants were contending,) had not presented his claim to the administrator duly authenticated, when in such case the administrator had not appealed.

5. SAME.—The holder of a note secured by a vendors' lien and indorsed by the payee, who has since died, is not required to present the claim to the administrator of the indorser before enforcing the vendors' lien against the estate of the original maker of the note ; if it would advantage the estate of the indorser to have the claim against the maker, he should have taken up the note, whether presented or not.

6. SALE UNDER INTERLOCUTORY ORDER.—Where an injunction issued, restraining the sale of land under a claim established by the defendant in the injunction suit, and a sale was ordered upon making a bond to secure the plaintiff in the injunction suit, and under such order, sale was made : *Held*, Error, in subsequent proceedings, to hold the sale a nullity in favor of the plaintiff in the injunction suit, on his successful establishment of his superior right to the security of the lien upon the land so sold.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

This cause was, by appeal, before the Military Supreme Court of Texas, Watt v. White, Smith & Baldwin, 33 Tex.,

421, and again White, Smith & Baldwin *v.* Downs, 40 Tex., 225.

An effort was made to remove the case to the United States Circuit Court for the Western District of Texas. The proceedings on this application are shown in the opinion.

The facts are few additional to those appearing in the former appeals. The objections urged to the claim of White, Smith & Baldwin to enforce, by decree against Coyle's estate, the vendor's lien, appear also in the opinion. It was urged that they had not presented their claim, duly authenticated, to the administrator of Coyle's estate. The administrator did not appeal from the judgment.

It was also urged that they had not presented their claim to the administrator of Cuthbertson's estate, against which they were not proceeding in this suit.

Since the case was last remanded, by amended answer, it was alleged, and evidence offered to sustain the allegations, that "the land sought to be subjected by plaintiffs to the payment of their judgment has long since been sold by an order of court, to which proceedings said plaintiffs were parties, and by said Watt purchased for the benefit of the estate of Cuthbertson, in order to secure a debt due by the estate of Coyle to Watt, as administrator, which purchase of said land by Watt was approved by this court, and on appeal such purchase was in all things affirmed; and in pursuance of said judgment, the said Downs, as administrator of Coyle's estate, made title to said land to Watt, as administrator. And the said land was by Watt, in pursuance of an order of court, sold and conveyed to one Henry Alston, who is in possession thereof."

The court excluded testimony offered to sustain this amendment, and this action of the court was assigned as error.

*H. McKay,* for appellants.

*George L. Hill,* for appellee.

MOORE, ASSOCIATE JUSTICE.—The appellant claims the right to remove this cause to the Circuit Court of the United States, by virtue of the act of Congress of March 3, 1875. By the provisions of this act, a party desiring to remove a suit from a State court to the Circuit Court of the United States, should file a petition for its removal in the State court where the suit is pending, "before or at the term at which said cause could be first tried, and before the trial thereof."

A reasonable construction of this statute, will not warrant the conclusion that a cause should be removed if an application for this purpose is made at any time before the trial of the cause is completed. It imports, on the contrary, as we think, that the party desiring to avail himself of the privilege of removing the suit, must make out and file his petition before the trial has begun. An application for a removal of the cause, which is not made until the court has commenced the trial, is not made, as is required by this statute, before its trial.

It appears from the bill of exceptions, that appellants' petition for the removal of the case was not filed until after it had been regularly reached upon the docket, and called by the court for trial, and after the plaintiffs had announced ready, and while the court was awaiting the presentation of an application for its continuance by the defendant, for the preparation of which, time had, at his request, been given by the court.

We are of opinion that by this delay in making his application, appellant waived the privilege of removing the cause; that the trial was commenced when the plaintiffs were called upon and announced ready. Although commenced, the trial, it is true, might not be concluded at the term. It might be continued for cause shown by defendant, or on account of some ruling of the court on the pleading, or by the withdrawal of a juror after the evidence had been submitted to the jury, or through their failure to agree upon a verdict. And if the trial should be postponed after it had commenced, a mo-

tion for removal might, if otherwise unobjectionable, be then entertained by the court. It would give an unfair advantage to the defendant, if he could first ascertain whether the plaintiff was ready, and if not, could force him into trial, while he would be neither bound to try or continue the case. Parties should not be allowed to speculate in this way with the court or their adversaries. And until a different construction shall have been given to this act by the courts of the United States, we shall hold that a motion made at the time this was, comes too late.

But if it was conceded that the trial of the case had not commenced when defendant's petition for its removal was filed, still the petition unquestionably was not presented "on or before the term at which the said cause could be first tried." The case was pending in the District Court of Harrison county for at least two terms before that at which defendant's petition was filed, at either of which, for aught that appears in the record, it might have been tried. By this delay in filing his petition, the defendant undoubtedly waived the privilege of removing the case to the Circuit Court of the United States under this act.

Most of the other questions presented by the assignment of errors were decided when this case was last before this court. And whether the rulings of this court on a first appeal should be regarded as *res adjudicata* on the case being brought here a second time or not, the negative of which seems to be intimated by our most eminent and lamented brother, who announced the judgment of the court on that occasion, we are clearly of the opinion that the points decided by the court at that time, which are decisive of the substantial matters in controversy between the parties interested in this controversy, are so abundantly sustained by reason and authority as to entirely relieve us from their further discussion, especially as counsel for appellant in his brief merely reiterates the assignments of error, without attempting to demonstrate the supposed error of the court by argument or authority.

While certainly intending no reflection upon the able counsel by whom all the parties to this litigation have been represented with marked ability, and with a persistent zeal far beyond its merits, we can but think, as was said by Judge Gray, that the "complex, voluminous, and multifarious pleadings, interventions, and reconventions," "with numerous exceptions, exhibits, &c., repeated time and again in various forms," exhibited in the transcript of these consolidated suits, have greatly tended to confusion and to obscure the questions at issue, and to embarrass the court in determining the respective rights of the parties.

As was said by Mr. Justice Walker, when the case was before the Provisional Court, (33 Tex., 421,) this is a contest between creditors for a priority of lien on lands belonging to the estate of Coyle. Evidently the parties were mutually interested, and should have been made parties to any proceeding instituted by either of them to appropriate the land to the payment of the notes held by them respectively. If the elementary rule, that when a court of equity takes jurisdiction of a case, it will not determine it by piece-meal, but will dispose of the entire controversy, and will require all who are interested in it to be brought before the court, much of the difficulty and delay in the proper disposal of this litigation would have been avoided. But instead of presenting the facts, both appellant and appellees seem mutually desirous to conceal them. And it was not until after the decision of the case by the Provisional Court that there was an effort by either party to present their entire case or the facts upon which it properly turns.

On the case as then presented, the Provisional Court say that the original payee of the notes transferred one of them to White, Smith & Baldwin, and the other to Cuthbertson, appellee's intestate; that the former parties had other ample security for their entire debt; and as equity would not allow one creditor to accumulate unnecessary securities for himself to the prejudice of others, their lien upon the land should be post-

poned to that of Cuthbertson's estate. And if the facts were as
the court were led to suppose them, we are not prepared to say
that their judgment was erroneous. But on the remand of
the case, the facts were, as alleged in the amended pleadings
of both parties, altogether different. And on these facts,
this court held, as we think correctly, that Cuthbertson, by
the assignment to the present appellees of the note which
they hold as a security for an existing debt, and such future
advances as they might make on the faith of it, intended to
give them an effectual security; and if appellees failed to
collect the note in the manner they were instructed by him,
to proceed upon it, that they were intended to have, and
were equitably entitled to, a preference over him to payment
of their debt out of the property which stood as security for
both notes.

It is urged by appellant that appellees had no right to a
recovery against Coyle's estate, because their claim against it,
by reason of the note transferred to them, had not been prop-
erly presented. To this, it is a sufficient answer to say, the
executor of Coyle has not appealed. And as appellant has
a decree for so much of the judgment in favor of appellees
as is in excess of Cuthbertson's debt to them, he certainly
has no cause to object to this judgment.

Nor can he complain that appellees failed to present the
note executed to them by Cuthbertson, as a claim against
his estate. They had possession and control of the Coyle note;
and if they chose to rely upon making their money out of it
instead of the estate of Cuthbertson, they were at liberty to
do so. And if Cuthbertson's estate would have been benefited
by paying appellees their debt and thereby get control of the
Coyle note, it was appellant's duty to pay it, whether it had
been presented as a claim against his estate or not.

While, as we have said, we are entirely satisfied with the
rulings in the case when last here, we cannot altogether ap-
prove the judgment which has been rendered in the court
below. The land upon which both parties were claiming a

priority of lien, had been ordered to be sold by a judgment *in limine,* for the payment of appellants' claim, upon his giving bond for the payment, in due course of administration, of the amount of indebtedness of appellant's intestate to appellees, if a judgment should go in their favor on the final decision of the case. In the opinion of this court it is said: "In the view we have taken of the case, the injunction should have been reinstated on the final hearing, or else the parties to the refunding bond should have been adjudged to pay," &c. There was nothing, then, in the record showing that the land had been sold; and the suggestion with reference to the perpetuation of the injunction was evidently made on the hypothesis that the land might not have been sold. It is plainly inferable from the remainder of the sentence, which we have in part quoted, that if the land had been sold, appellees would have to look for payment to the security afforded by the bond given by appellant in obedience to the judgment of the court dissolving the injunction, or to appellant and the sureties on his bond as administrator, if it should be found that he had made an improper appropriation of the money collected by him from Coyle's estate by the sale of the land on the dissolution of the injunction.

Since the remand of the case, appellant, by an amendment of his pleading, alleges that the land had been sold by Coyle's executor; that it was purchased by him for Cuthbertson's estate, and had been subsequently sold, by order of the court, as the property of this estate; and on the trial, he offered evidence to establish the truth of this plea. This evidence, however, as appears from a bill of exception in the record, was excluded by the court; and notwithstanding the previous order for the sale of the land, which, so far as appears, has never been revoked, the court ordered a resale of the land by Coyle's executor, for the payment of the amount adjudged to be due on appellee's claim.

We cannot see how it can be said that the judgment of the court, dissolving appellee's injunction and ordering a sale

of the land in satisfaction of appellant's judgment, can be said to be void. If it was merely erroneous, so long as it stood in force, whatever action was had under and in obedience to it, must be held valid and binding upon the parties and privies to the judgment by virtue of which it was made. It follows, that the judgment ordering a resale of the land by Coyle's executor, if in fact he had sold it under the previous judgment, is erroneous.

The judgment is reversed and the cause remanded.