# NO. 12-16-00159-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE* |
| *D.L., J.L., C.L. AND L.L.,* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *CHILDREN* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D.L. appeals the termination of his parental rights. In two issues, he argues that his trial counsel rendered ineffective assistance of counsel. We affirm.

### BACKGROUND

H.P. and D.L. are the parents of four children. On December 17, 2013, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of H.P.'s and D.L.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents were appointed temporary possessory conservators with limited rights and duties.

The one year dismissal date was December 22, 2014, pursuant to section 263.401 of the Texas Family Code. Before the dismissal date, the court found that extraordinary circumstances necessitated the children's remaining in the temporary managing conservatorship of the Department, and that continuing the appointment of the Department as temporary managing conservator was in the best interest of the children. The trial court ordered that the case be retained on the court's docket and scheduled the new dismissal date as June 20, 2015. A trial was set for June 12, 2015.

On June 12, 2015, the trial court called the case, but did not ask the parties whether they were ready for trial. Then, the trial court heard a motion filed by the children's mother, H.P., to transfer the proceeding to the jurisdiction of the Choctaw Nation of Oklahoma tribal court. The

Department opposed the transfer, but D.L. did not. After hearing from a social worker with the Choctaw Nation, the trial court granted H.P.'s petition and ordered that the case be transferred, subject to "declination by the tribal court." On October 26, 2015, the district court of the Choctaw Nation of Oklahoma declined to exercise jurisdiction over the case, stating that the County Court at Law of Angelina County, Texas, "shall" exercise exclusive jurisdiction over the case. The trial court set the case for trial on January 27, 2016, and ultimately heard the case beginning on April 6, 2016.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that D.L. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between D.L. and the children was in the children's best interest. Further, the trial court found beyond a reasonable doubt that the Department made active efforts to provide remedial services and rehabilitation programs designed to prevent the breakup of the Indian family and that these efforts proved unsuccessful; and that the evidence, including testimony of a qualified expert witness, demonstrated that the continued custody of the children by D.L. is likely to result in serious emotional or physical damage to these children. Based on these findings, the trial court ordered that the parent-child relationship between D.L. and the children be terminated. This appeal followed.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, D.L. contends that his trial counsel rendered ineffective assistance by failing to file a timely motion to dismiss pursuant to the Texas Family Code because the mandatory dismissal date passed prior to the commencement of trial. In his second issue, he contends that his trial counsel rendered ineffective assistance by failing to object to the presentation of evidence on termination grounds under the Indian Child Welfare Act (ICWA) because these grounds were not pleaded and/or tried by consent.

**Standard of Review and Applicable Law**

An indigent parent is entitled to appointed counsel in a termination of parental rights case, and that statutory right "embodies the right to effective counsel." *In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010). Ineffective assistance claims must be firmly founded in the record, and the record must affirmatively show the alleged ineffectiveness. *In re L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.); *see also Walker v. Tex. Dep't of RI Family & Protective Servs.*, 312

2

S.W.3d 608, 622-23 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When the record is silent concerning the reasons for counsel's actions, the reviewing court will not engage in speculation to find ineffective assistance of counsel, and the appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *In re L.C.W.*, 411 S.W.3d at 127.

In reviewing claims of ineffective assistance of counsel, we consider all circumstances surrounding the case and apply the Supreme Court's two pronged test used in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003). Under *Strickland's* first prong, the parent must show that counsel's performance was deficient. *See id.* at 545 (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *In re J.O.A.*, 283 S.W.3d 336, 342 (Tex. 2009). Under the second prong, the parent must show that the deficient performance prejudiced the defense. *See In re M.S.*, 115 S.W.3d at 545. To show prejudice, the parent must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *In re V.V.*, 349 S.W.3d 548, 559 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In conducting our review, we "must primarily focus on whether counsel performed in a reasonably effective manner." *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006). We give great deference to counsel's performance, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel's actions are strategic." *Id.* Challenged conduct constitutes ineffective assistance only when it is "so outrageous that no competent attorney would have engaged in it." *Id.* To be successful in his ineffective assistance of counsel claim, D.L. must show that counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064; *see also In re L.D.G.*, No. 12-11-00005-CV, 2012 WL 171888, at *2 (Tex. App.—Tyler Jan. 18, 2012, no pet.) (mem. op.). Failure to satisfy either of *Strickland's* requirements defeats an ineffectiveness challenge. *See Walker*, 312 S.W.3d at 623.

## *United States v. Cronic* **grounds**

In his brief, D.L. argues that his trial counsel's performance was so "patently" deficient that he was denied any meaningful counsel and that it was "tantamount" to having no counsel at all. To

support his argument, he cites *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). In *Cronic*, the Court identified three situations implicating the right to counsel that involved circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. *Bell v. Cone*, 535 U.S 685, 695, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting *Cronic*, 466 U.S. at 658–59, 104 S. Ct. at 2046-47). These three situations occur when (1) the accused is denied the presence of counsel at a critical stage of his trial, (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, or (3) circumstances at trial are such that, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *Cronic*, 466 U.S. at 659-60, 104 S. Ct. at 2047.

The differences in the *Strickland* and *Cronic* standards are not of degree, but of kind. *Bell*, 535 U.S. at 697, 122 S. Ct. at 1851. In other words, the standards distinguish between shoddy representation and no defense at all. *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997). "[B]ad lawyering, regardless of how bad, does not support" applying the *Cronic* standard. *See McInerney v. Puckett*, 919 F.2d 350, 353 (5th Cir. 1990). Accordingly, prejudice will be presumed only when the accused can establish that counsel was not merely incompetent but inert. *Childress*, 103 F.3d at 1228. Here, D.L. does not complain that he was denied counsel at a critical stage of his trial or that his trial counsel was inert. Because D.L. complains of his trial counsel's alleged errors, omissions, or strategic decisions in his defense, i.e., incompetence, we decline to apply the *Cronic* standard to this case.

## Texas Family Code Section 263.402

In D.L.'s first issue, the challenged conduct is trial counsel's failure to move for dismissal of the termination suit on the ground that a trial on the merits had not commenced on or before the dismissal date (June 20, 2015). Although the dismissal date is undisputed, the parties disagree as to when trial on the merits commenced. When the Department files a suit requesting termination of the parent-child relationship, the trial court must dismiss the suit on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator unless the court has commenced the trial on the merits or granted an extension. *See* TEX. FAM. CODE ANN. § 263.401(a) (West Supp. 2016). A court may not maintain the suit on the court's docket after the one year dismissal date unless the court finds that extraordinary circumstances necessitate the child's remaining in the temporary managing

4

conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 263.401(b) (West Supp. 2016). If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the one year dismissal date. *See id.*

If the court grants an extension, but does not commence the trial on the merits before the dismissal date, the court shall dismiss the suit. *See* TEX. FAM. CODE ANN. § 263.401(c) (West Supp. 2016). A party who fails to make a timely motion to dismiss the suit waives the right to object to the court's failure to dismiss the suit. *See* TEX. FAM. CODE ANN. § 263.402(b) (West 2014). A motion to dismiss is timely if the motion is made before the trial on the merits commences. *Id.*

According to the Department, a trial on the merits began on June 12, 2015, which was prior to the dismissal date. At the hearing, the trial court called the case, but did not ask the parties whether they were ready for trial. The Department states it was an "objectively reasonable" conclusion that the parties expressed to the trial court that the case was ready to be tried because they appeared for the trial setting and announced their presence, and none of the parties expressed that they were not ready or requested a continuance. The Department contends that parties did not know whether the trial court would grant the transfer, and "must have been ready" to try the case had the trial court denied the transfer. According to D.L., a trial on the merits commenced on April 6, 2016, after the dismissal date, when the parties first presented evidence to the trial court.

Only the Amarillo Court of Appeals has addressed the issue of when a trial on the merits commences for the purpose of dismissal of a termination suit pursuant to Section 263.401. In *In re D.S.*, the Amarillo court considered whether a trial court had abused its discretion when it denied a father's motion to dismiss a termination suit on the ground that trial on the merits had not commenced by the dismissal date. *See* 455 S.W.3d 750, 751 (Tex. App.—Amarillo 2015, no pet.). In that case, the dismissal date was July 12, 2014. *Id.* On July 10, the parties and counsel appeared before the trial court. *Id.* at 752. After calling the case, the court "immediately called the attorneys representing the parties to the bench," "made inquiry into the length of time a trial would take and, upon receiving an answer, immediately 'recessed' the hearing and instructed counsel to obtain a subsequent trial date from the court coordinator." *Id.* After the dismissal date passed, the father filed a motion to dismiss the suit, which the trial court denied. *Id.* at 751.

Observing that "[n]o substantive action was taken regarding the case" and "[n]o preliminary matters or motions were heard," the court concluded that the motion to dismiss should have been granted. *Id.* at 752-53. The Amarillo court noted that it had "not found any authority directly on

point" and instead relied on two cases which provided "some direction." *Id.* at 753 (citing *Watt v. White, Smith & Baldwin*, 46 Tex. 338, 340 (1876); *Sanchez v. State*, 138 S.W.3d 324, 325 (Tex. Crim. App. 2004)). Ultimately, the court held that "section 263.401 of the Texas Family Code requires more than a putative call of the case and an immediate recess in order to comply with the statute." *See id*. The court also suggested "that at a minimum the parties should be called upon to make their respective announcements and the trial court should ascertain whether there are any preliminary matters to be taken up." *Id.*

In this case, the issue is not whether the district court was required to dismiss the suit under section 263.401, but whether trial counsel was ineffective in failing to move for dismissal under that authority. In *G.M. v. Tex. Dep't of Family and Protective Servs.*, the Austin Court of Appeals addressed the same issue. *See* No. 03-15-00825-CV, 2016 WL 3522131, at *3 (Tex. App.—Austin June 23, 2016, no pet.). The court noted that it is well established that counsel should not be declared ineffective when counsel's claimed error is based on unsettled law. *See id.; State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013); *Ex parte Smith*, 296 S.W.3d 78, 81 (Tex. Crim. App. 2009). Further, "basing an ineffective assistance claim on [case law] that is unsettled at the time of counsel's actions 'would be to engage in the kind of hindsight examination of effectiveness of counsel the Supreme Court expressly disavowed in *Strickland*. . . .'" *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996) (quoting *Ex parte Davis*, 866 S.W.2d 234, 241 (Tex. Crim. App. 1993)). The law is unsettled when, for example, "the issue of the proper construction of [a] statute [is] unresolved and remains unclear." *See Smith*, 296 S.W.3d at 81.

At the time of trial, and indeed now, the law is unsettled as to whether the actions of the district court amounted to commencement of trial for purposes of mandatory dismissal under section 263.401. *See G.M.*, 2016 WL 3522131, at *3. At the time of the January trial setting, the time D.L. contends that trial counsel should have filed a motion to dismiss, neither this Court nor the Texas Supreme Court had addressed the issue, and only the Amarillo Court of Appeals had provided a recent opinion on the matter. Therefore, in the absence of binding precedent holding otherwise, trial counsel's performance would not fall below an objective standard of reasonableness if he concluded that trial on the merits had commenced prior to the dismissal date. *See id*. Accordingly, on this record, we cannot conclude that D.L.'s trial counsel was ineffective for failing to move for dismissal of the suit. We overrule D.L.'s first issue.

**Evidence of Unpleaded Grounds**

In D.L.'s second issue, the challenged conduct is trial counsel's failure to object to evidence presented on the ICWA termination grounds[1] that had not been pleaded and/or tried by consent. Moreover, he argues that his trial counsel was not aware of or misunderstood the ICWA termination grounds. When issues not raised by the pleadings are tried by express or implied consent, they shall be treated in all respects as if they had been raised in the pleadings. TEX. R. CIV. P. 67. Trial by consent is intended only in the exceptional case where the record clearly reflects the parties' trial of an issue by consent. *See In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.); *In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.). The doctrine should be applied with care and in no event in a doubtful situation. *In re S.A.A.*, 279 S.W.3d at 856. The question for the court is whether the record shows evidence of "trial of the issue" as opposed to evidence of the issue. *Id.*

We agree with D.L. that issues regarding termination on the ICWA grounds were not pleaded. However, the Department sent a notice of a pending custody proceeding involving an Indian child to the Choctaw Nation, to D.L., and to D.L.'s trial counsel on December 19, 2013. The Choctaw Nation filed an intervention in the case on January 10, 2014. D.L. did not object to the transfer of the case to the Choctaw Nation at the June 12, 2015 hearing. At trial, the Department's first witness was Shannon Suggs, a tribal member of the Choctaw Nation and an employee in the Indian Child Welfare Department. She answered questions regarding cultural tribal traditions, tribal social structure, and compliance with ICWA's placement requirements in termination cases governed by the ICWA. D.L.'s trial counsel also questioned Suggs on the Choctaw Nation's preferences regarding termination and family placement. Based on these facts, we cannot say that D.L.'s trial counsel was unaware of or misunderstood the grounds of termination under the ICWA. Moreover, the records shows that the ICWA grounds for termination were tried by express or implied consent. *See* TEX. R. CIV. P. 67; *In re S.A.A.*, 279 S.W.3d at 856.

Additionally, it is D.L.'s burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Any allegation of

---

[1] In addition to the termination grounds outlined in Texas Family Code section 161.001, the Department also sought to prove, beyond a reasonable doubt and pursuant to the ICWA, that (1) the Department made active efforts to provide remedial services and rehabilitation programs designed to prevent the breakup of the Indian family and that these efforts proved unsuccessful; and (2) that the evidence, including testimony of a qualified expert witness, demonstrated that the continued custody of the children by D.L. is likely to result in serious emotional or physical damage to the children. *See* 25 U.S.C.A. §§ 1912(d), (f), 1914 (Westlaw through Pub. L. No. 114-244).

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). But D.L. did not file a motion for new trial on this ground and call his trial counsel as a witness to explain his reasoning for failing to object to the ICWA evidence. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). When, as here, the record fails to show why counsel did not object to the ICWA evidence, we cannot conclude that counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). Because the record does not show deficient performance, D.L. has failed to meet the first prong of the *Strickland* test. *See id.*

D.L. also does not explain how his trial counsel's alleged failures caused him harm. Therefore, D.L. has failed to show that the result of the proceeding would have been different if his trial counsel had objected to the ICWA evidence. Consequently, he has failed to meet the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. Thus, even if he had met the first prong of *Strickland*, he still could not prevail. We overrule D.L.'s second issue.

## DISPOSITION

Having overruled D.L.'s first and second issues, we *affirm* the judgment of the trial court.


JAMES T. WORTHEN
Chief Justice




Opinion delivered November 22, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*




(PUBLISH)




8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 22, 2016**

**NO. 12-16-00159-CV**

**IN THE INTEREST OF D.L., J.L., C.L. AND L.L., CHILDREN**

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. CV-02856-13-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

# THE STATE OF TEXAS
# M A N D A T E
**********************************************

**TO THE COUNTY COURT AT LAW NO 2 OF ANGELINA COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 22nd day of November, 2016, the cause upon appeal to revise or reverse your judgment between

**IN THE INTEREST OF D.L., J.L., C.L. AND L.L., CHILDREN**

**NO. 12-16-00159-CV; Trial Court No. CV-02856-13-12**

By *per curiam* opinion.

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of November, 2016.

PAM ESTES, CLERK

By: _Katrina McClenny_
Chief Deputy Clerk