

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00357-CV

IN THE INTEREST OF D.S., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 83,326-E, Honorable Douglas Woodburn, Presiding

January 13, 2015

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Dale, the father of D.S., appeals the termination of his parental rights by a single issue. In that issue, Dale contends that the trial court abused its discretion when it refused to grant his motion to dismiss the petition to terminate his parental rights previously filed by the Texas Department of Family and Protective Services (Department). We will reverse and render.

Factual and Procedural Background

The factual background of this case is not at issue, nor is it required to be detailed for the purposes of this opinion. The procedural background is not contested and may by summarized as follows.

On January 7, 2013, the Department filed a petition to terminate in a suit affecting the parent-child relationship concerning D.S. On that day, the Department was allowed to take possession of the child pursuant to an emergency order. The Department was subsequently appointed sole temporary managing conservator of the child. The original dismissal date, as determined by statute, was January 13, 2014.[1] On December 11, 2013, the trial court signed an order extending the dismissal date to July 12, 2014, and signed a notice of final hearing,[2] which set the case for final hearing on June 24, 2014.

On June 24, 2014, the Department sought a continuance and the trial court granted the same, resetting the case for final hearing on July 10, 2014. On July 10, 2014, the parties and counsel appeared before the trial court. At that time, the following occurred:

> The Court: Thank you. Be seated. All right. We'll call Cause Number 83,326 styled In the Interest of [D.S.]. If y'all would come forward, please.
>
> Ms. McCoy: Are we doing this at the bench, Judge?
>
> The Court: Sure. Please.
>
> Ms. McCoy: Okay.

---

[1] *See* TEX. FAM. CODE ANN. § 263.401(a) (West 2014).

[2] *See id.* § 263.401(b).

The Court:   All right.  This is a final hearing.  Is that correct?

Ms. Powell:  Yes, Your Honor.

The Court:   And how long do you anticipate it's going to last?

Ms. Powell:  At least half a day, Your Honor.

The Court:   All right.  Then I am going to call it for today, but I am going to recess the hearing from today to a date certain that I'll ask all of y'all to go in the - - in the coordinator's office and get that date set at this time.

Ms. Powell:   Okay.

The Court:   So we will continue it, pending the final hearing.  Thank y'all.

Ms. Powell:  Okay.  Thank you, Judge.

The case was then continued until the trial court again called the case for final hearing on August 11, 2014.  On July 25, 2014, Dale filed a motion to dismiss for failure to try this matter within the statutory time period.  On August 11, 2014, the trial court orally overruled Dale's motion to dismiss and commenced the trial.

As a result of the trial on August 11, 2014, Dale's parental rights to D.S. were terminated.[3]  Dale now appeals, contending that the trial court abused its discretion in denying his motion to dismiss.  We will reverse and render.

Standard of Review

We review the action of the trial court in denying a motion to dismiss pursuant to section 263.401 under an abuse of discretion standard of review.  *See In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding).  When reviewing a trial court's interpretation of the law, we use the *de novo* standard.  *See id.*

---

[3] The mother's parental rights were also terminated at that time; however, she has not appealed that decision.

3

A trial court abuses its discretion when it either improperly interprets the law or applies the law incorrectly. *See id.*

Applicable Law

The Texas Family Code provides the following as it relates to deadlines in cases of this nature:

(a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

> (1) schedules the new date on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

> (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

> (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

(c) If the court grants an extension but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional

4

extension that extends the suit beyond the required date for dismissal under Subsection (b).

TEX. FAM. CODE ANN. § 263.401.

Analysis

We must now determine whether, under the facts of this case, the trial court commenced the trial on the merits on July 10, 2014. If the trial on the merits was not commenced by the action of the trial court then, the trial court abused its discretion by improperly applying the law to the facts of the case. *See id.*

Our analysis begins with the observation that parental rights are of constitutional magnitude and are "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). Next, we note that the statute in question, section 263.401 of the Texas Family Code, is directed at the proposition that children need permanence and stability in their lives. *See In re T.M.,* 33 S.W.3d 341, 346 (Tex. App.—Amarillo 2000, no pet.). To that end, the legislature passed section 263.401 of the Texas Family Code mandating the time limits by which the Department must complete a termination action. *See* TEX. FAM. CODE ANN. § 263.401; *In re T.M.,* 33 S.W.3d at 346. Finally, we must look to the record to ascertain whether what transpired on July 10, 2014, was the commencement of a trial on the merits.

The record demonstrates that the trial court said the case was called for trial on July 10, 2014. However, the parties never answered that they were ready or not ready for trial. Instead, the trial court immediately called the attorneys representing the parties to the bench. At that time, the trial court made inquiry into the length of time a trial

5

would take and, upon receiving an answer, immediately "recessed" the hearing and instructed counsel to obtain a subsequent trial date from the court coordinator. No substantive action was taken regarding the case. No preliminary matters or motions were heard. As noted above, the parties never even made any announcements regarding whether the case was ready to be tried.

In researching this question, the Court has not found any authority directly on point. However, there are cases which provide some direction to the Court. In *Watt v. White, Smith & Baldwin,* the Supreme Court of Texas was attempting to apply an early version of the removal statute contained in the federal substantive law. 46 Tex. 338, 340 (1876). The statute in question directed that a petition for removal should be filed "before or at the term at which said cause could be first tried, and before the trial thereof." *Id.* The Texas Supreme Court noted that such an application, which, in the case before the court, was not made until the trial court had commenced the trial, is not timely filed. *Id.* The facts of the case showed that the removal application was not made until after the case had been reached on the docket, called for trial, and plaintiffs had announced ready. *Id.*

In *Sanchez v. State*, the Texas Court of Criminal Appeals was attempting to ascertain what article 45.019(f) of the Texas Code of Criminal Procedure meant when it stated that certain actions should be taken "before the date on which the trial on the merits commences." 138 S.W.3d 324, 325 (2004). The court ultimately held that "'trial on the merits' is a term of art that specifies a 'distinct phase late in a criminal proceeding.'" *Id.* at 329 *(*quoting *Tigner v. State*, 928 S.W.2d 540, 544 (Tex. Crim. App. 1996) (en banc)). Further, the court quoted from Judge Baird's dissent in *State v*

6

*Turner*, 898 S.W.2d 303, 310 (Tex. Crim. App. 1995) (en banc), that "the phrase 'trial on the merits' designates the state of trial where the substantive facts of the case are presented to the factfinder." *Sanchez,* 138 S.W.3d at 329.

After reviewing these cases and the cases cited by Dale, we are of the opinion that section 263.401 of the Texas Family Code requires more than a putative call of the case and an immediate recess in order to comply with the statute. We would suggest that at a minimum the parties should be called upon to make their respective announcements and the trial court should ascertain whether there are any preliminary matters to be taken up. To allow the trial court to use the method set forth in the record to extend the case beyond the mandated dismissal date would completely dismember the statute and make it worthless. Accordingly, we sustain Dale's issue and find that the trial court abused its discretion in denying Dale's motion to dismiss.

## Conclusion

We reverse the judgment of the trial court and render a judgment dismissing the Department's cause of action without prejudice. *See* TEX. FAM. CODE ANN. § 263.401(c); TEX. R. APP. 43.2(c).

Mackey K. Hancock
Justice

7