

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-17-00094-CV
_____

IN THE INTEREST OF P.M.W. AND J.A.J., CHILDREN

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 82557

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

The Texas Department of Family and Protective Services (the Department) sought to terminate Mother's parental rights to her daughters, six-year-old Joyce and sixteen-year-old Polly.[1] Mother's parental rights to Joyce were terminated after a bench trial. However, the trial court found that termination of Mother's parental rights to Polly was not in the child's best interests, appointed the Department as Polly's permanent managing conservator, and appointed Mother as Polly's possessory conservator. The trial court granted Mother possession and access to Polly under the terms and conditions agreed to in advance by the Department.

On appeal, Mother argues (1) that her counsel rendered ineffective assistance by failing to move for dismissal of the case after the expiration of deadlines contained in former Section 263.401 of the Texas Family Code and (2) that the trial court erred in failing to specifically and expressly state the times and conditions of Mother's access to Polly. While we find that ineffective assistance of counsel has not been shown, we sustain Mother's second point of error after concluding that the order of possession and access to Polly was not sufficiently specific. Accordingly, we reverse the portion of the trial court's judgment regarding Mother's possession and access to Polly and remand this matter to the trial court for further proceedings. We affirm the trial court's judgment in all other respects.

---

[1]We use pseudonyms for involved parties to protect the confidentiality of the children. *See* TEX. R. APP. P. 9.8.

## I.      Ineffective Assistance of Counsel Has Not Been Shown

### A.      Standard of Review

"In parental-rights termination cases in Texas . . . brought by the Department[,] an indigent person has a statutory right to counsel." *In re K.O.*, 488 S.W.3d 829, 834 (Tex. App.—Texarkana 2016, pet. denied) (quoting *In re J.M.A.E.W.*, No. 06-14-00087-CV, 2015 WL 1119761, at *3 (Tex. App.—Texarkana Mar. 13, 2015, no pet.) (mem. op.) (citing TEX. FAM. CODE ANN. § 107.013(a) (West 2014); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003)). "This statutory right to counsel also embodies the right to effective counsel." *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3). "The standard used for parental-rights termination cases is the same as that used in criminal cases and is set forth in *Strickland.*" *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "The right to effective assistance of counsel does not guarantee, however, 'errorless or perfect counsel whose competency of representation is to be judged by hindsight.'" *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3; *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

To prevail on her ineffective assistance claim, Mother "must prove by a preponderance of the evidence that (1) [her] counsel's performance was deficient, that is, that it fell below an objective standard of reasonableness; and (2) it is reasonably probable that, except for [her] counsel's unprofessional errors, the outcome of the proceeding would have been different." *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3) (citing *Strickland*, 466 U.S. at 687–88, 694). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* at 834–35 (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3) (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App.

2006); *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

"To support a finding that [Mother's] trial counsel was ineffective, the trial record must affirmatively demonstrate [counsel's] deficiency." *Id.* at 835 (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3). "In reviewing trial counsel's performance, we take into account the circumstances surrounding the case and focus primarily on whether the manner of his performance was reasonably effective." *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3) (citing *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (per curiam); *M.S.*, 115 S.W.3d at 545)). "We give great deference to trial counsel's performance and indulge a strong presumption that his conduct falls within the wide range of reasonably professional assistance." *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3) (citing *H.R.M.*, 209 S.W.3d at 111; *M.S.*, 115 S.W.3d at 545)). "This includes the possibility that his actions were strategic." *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3 (citing *H.R.M.*, 209 S.W.3d at 111; *M.S.*, 115 S.W.3d at 545)). "We only find ineffective assistance if the conduct is 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *J.M.A.E.W.*, 2015 WL 1119761, at *3; *H.R.M.*, 209 S.W.3d at 111).

### B. Procedural History

The Department was granted temporary managing conservatorship of the children on December 14, 2015. The first Monday after the first anniversary of the date the court rendered that order was December 19, 2016 (the one-year deadline). This case is governed by the former version of Section 263.401 of the Texas Family Code, which was recently amended. *See* Act of May 28, 2017, 85th Leg., R.S., ch 319, § 12, sec. 263.401, 2017 Tex. Sess. Law Serv. 716, 721

4

(West 2014) (codified at TEX. FAM. CODE § 263.401).[2]  Prior to the one-year deadline, the trial court entered an agreed order extending the lawsuit by 180 days to June 17, 2017.

On June 9, 2017, the trial court called the case for trial.  At that time, all parties appeared, witnesses were sworn, opening statements were either reserved or heard, and the Department called its first witness.  After the witness stated her name, the trial court made the following announcement:

> I apologize for the interruption.  But at this time, the Court is going to have to stop these proceedings.  I am in the middle of an ongoing jury trial involving an alleged murder.  So we're going to have to suspend these proceedings at this time and adjourn.
>
> We have, for the record, begun the trial.  But we're not going to be able today to complete it.
>
> So, Counsel, while we're here, if we could either work together now here in the courtroom or go back with the coordinator to get a date on which we could finish the trial of this case, I'd be glad to proceed at that time.
>
> I do apologize for the inconvenience.  But, again, I've got a jury that's supposed to come out in about two or three minutes, and it will be necessary for me to take them up in precedence to this case.
>
> Let's go off the record so we can talk time.

---

[2]The enacting legislation stated:

> The changes in law made by this Act to Section 263.401, Family Code, apply only to a suit affecting the parent-child relationship filed on or after the effective date of this Act.  A suit affecting the parent-child relationship filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose. . . . Except as otherwise provided by this Act, this Act takes effect September 1, 2017.

*See* Act of May 28, 2017, 85th Leg., R.S., ch 319, §§ 33–34, 2017 Tex. Sess. Law Serv. 716, 738 (West 2014) (codified at TEX. FAM. CODE § 263.401).

After an off-the-record discussion, the trial was reset for July 5, 2017. The trial court's order terminating parental rights was not entered until September 5, 2017, well beyond the expiration of the 180-day period.

## C. The First *Strickland* prong

Mother argues that counsel failed to file a motion to dismiss this case (1) before the expiration of the one-year deadline, and (2) before the expiration of the 180-day extension deadline. As previously stated, this case is governed by the former version of Texas Family Code Section 263.401. As applicable, the former Section 263.401 provided:

> (a)     Unless the court has *commenced the trial on the merits* . . . or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

> (b)     *Unless the court has commenced the trial on the merits, the* . . . court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). . . .

> . . . .

> (c)     If the court grants an extension but does not *commence the trial on the merits* . . . before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

6

Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837–36, *amended by* Act of May 29, 2015, 84th Leg., R.S., ch. 944, § 38, 2015 Tex. Gen. Laws 3268, 3283–84 *and* Act of May 28, 2017, 85th Leg., R.S., ch. 319, §§ 33–34, 2017 Tex. Sess. Law Serv. 716, 738 (West 2014) (current version at TEX. FAM. CODE § 263.401).

Here, the trial court granted a 180-day extension to June 17, 2017. However, no evidence of extraordinary circumstances was before the trial court at the time the extension was granted. Rather, the appellate record indicates that the extension was the result of an agreement by the parties that arose after the trial court referenced concern for its schedule on October 18, 2016. After the parties announced that they would have no objections to a bench trial, the trial court stated, "Let's talk about when we might do that. We have just barely enough time to set it between now and 45 days from now. . . . Let me see what I've got there so that we could at least start it prior to the dismissal deadline." After an off-the-record discussion, the trial court merely announced that "there is no longer an objection to an extension" and extended the dismissal date without a finding of extraordinary circumstances.

The version of Section 263.402(a) in effect at the time relevant to this case provided:

> (a)     *The parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise.*

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, sec. 263.402, 2001 Tex. Gen. Laws 2395, 2396–97 (amended 2007, 2017) (current version at TEX. FAM. CODE § 263.402(a)) (emphasis added).

7

The version of Section 263.402(b) in effect at the time relevant to this case stated:

(b)     A party to a suit under this chapter who fails to make a timely motion to dismiss the suit . . . under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the . . . trial on the merits *commences*.

Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 3, 2007 Tex. Gen. Laws 1837, 1838 (amended 2017 repealing subsection (b)).

Mother argues that counsel should have moved to dismiss the case after the initial dismissal date of December 19, 2016. However, our appellate record does not contain counsel's reasons for failing to file a motion to dismiss, and we can fathom several reasons why counsel would have instead chosen to agree to a 180-day extension. The trial court was well aware of the one-year deadline and raised the issue two months before it expired. Counsel could have wished for more time to better prepare the case. Because he was well-equipped with factual knowledge of the case, counsel could have also believed that the Department would have been able to prove extraordinary circumstances had he raised the issue. Additionally, counsel could have believed that Mother needed additional time to comply with court orders requiring her to perform certain tasks to obtain the return of her children. Because we can fathom reasons why counsel would have chosen not to object to a 180-day extension, we cannot find that counsel's conduct was so outrageous that no competent attorney would have engaged in it.

Next, we address counsel's failure to file a motion to dismiss after the expiration of the 180-day deadline. Former Section 262.401 provided that a trial court could not retain the Department's suit on its docket unless trial on the merits had commenced. Here, the trial court called the case for trial in open court, swore in a witness, and had the witness state her name on

8

June 9, 2017, which was prior to the expiration of the 180-day deadline. Mother argues that the trial court's putative call of the case was insufficient to continue the case beyond the deadline.

Mother cites this Court to *In re D.S.*, 455 S.W.3d 750 (Tex. App.—Amarillo 2015, no pet.). In that case, the trial court called the case for trial, the parties appeared and announced that they were ready, and the court heard from counsel that trial could last "[a]t least half a day." *Id.* at 751. At that point, the trial court stated, "All right. Then I am going to call it for today, but I am going to recess the hearing from today to a date certain that I'll ask all of y'all to go in the—in the coordinator's office and get that date set at this time." *Id.* The Amarillo Court of Appeals determined that trial had not commenced as contemplated by Section 263.401. The court wrote:

> [W]e are of the opinion that section 263.401 of the Texas Family Code requires more than a putative call of the case and an immediate recess in order to comply with the statute. We would suggest that at a minimum the parties should be called upon to make their respective announcements and the trial court should ascertain whether there are any preliminary matters to be taken up. To allow the trial court to use the method set forth in the record to extend the case beyond the mandated dismissal date would completely dismember the statute and make it worthless.

*Id.* at 753.

This case is factually distinguishable from *D.S.* because the trial court heard the parties' announcements, swore in one witness, and had the witness answer one question before recessing the case. However, while it appears that the June 9 hearing may be considered slightly more than a putative call of the case, the above-quoted paragraph from *D.S.* was dictum, and the question of whether trial on the merits commenced as contemplated by former Section 263.401 under the facts presented in this case remains. In addressing this very issue, our sister courts have declared the law unsettled, and we have found no cases that shed light on this grey area of the law prior to the

9

Legislature's 2017 revisions to this statute. *See In re D.I.*, No. 12-16-00159-CV, 2016 WL 6876503, at \*5 (Tex. App.—Tyler Nov. 22, 2016, no pet.) (mem. op.) ("At the time of trial, and indeed now, the law is unsettled as to whether the actions of the district court amounted to commencement of trial for purposes of mandatory dismissal under section 263.401.") (citing *G.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-15-00825-CV, 2016 WL 3522131, at \*3 (Tex. App.—Austin June 23, 2016, no pet.) (mem. op.)).

"[I]t is well established that counsel should not be declared ineffective when counsel's claimed error is based on unsettled law." *Id.* at \*4. Thus, in agreement with the reasoning used by our sister courts in *D.I.* and *G.M.*, we conclude that, "in the absence of binding precedent holding otherwise, trial counsel's performance [in failing to move for dismissal under former Section 263.402(b)] would not fall below an objective standard of reasonableness if he concluded that trial on the merits had commenced prior to the dismissal date." *Id.* at \*5; *G.M.*, 2016 WL 3522131, at \*4.[3]

The first *Strickland* prong has not been met. We overrule Mother's first point of error.

## II.     The Order Regarding Possession and Access Was Not Sufficiently Specific

In her second point of error, Mother argues that the trial court erred by failing to expressly state the times and conditions of Mother's access to Polly. We agree.

---

[3]To be clear, we do not hold that the trial court's actions in this case satisfied the requirements of Section 263.401. Rather, we merely hold that the law is unsettled on this question and, therefore, defense counsel was not ineffective for failing to object to the trial court's procedural ruling.

10

The trial court's order recited that Mother would have possession and access to Polly "at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as specified in Attachment A." Attachment A provided:

> No visitations shall occur until such time that a negative hair follicle test has been received. Thereafter if at any time a positive drug test is received, no further visits will occur till two negative urinalysis drug tests separated by at least 2 weeks [are] received for visitations to resume.
>
> . . . . Supervised visitation under the terms and conditions agreed to in advance by the managing conservator. The managing conservator or designee shall supervise the visitation.

If the trial court enters an order "appointing a parent as possessory conservator, the trial 'court shall specify and expressly state in the order the times and conditions for possession of or access to the child, unless a party shows good cause why specific orders would not be in the best interest of the child.'"[4] *In re J.Y.*, 528 S.W.3d 679, 691 (Tex. App.—Texarkana 2017, no pet.) (quoting TEX. FAM. CODE ANN. § 153.006(c) (West 2014)).

Here, the terms of the trial court's order allow the Department complete discretion over Mother's possession of Polly and are not enforceable by contempt because they give the Department sole authority over when and where Mother may have access to or possession of her child. "This could effectively deny [Mother] access to the child[] and would leave her without the remedy of contempt against [the Department]." *In re A.P.S.*, 54 S.W.3d 493, 498 (Tex. App.—Texarkana 2001, no pet.) (finding that order allowing parent possession at "reasonable [sic] times and places as determined by" managing conservator was not sufficiently specific); *see J.Y.*, 528

---

[4]The record at trial demonstrates that the Department did not offer evidence to show good cause that specific times and conditions for possession and access would not be in Polly's best interests.

S.W.3d at 688–89) (finding order stating that "conservator[] shall have possession of the children at times mutually agreed to in advance by the parties" was not sufficiently specific).

Because we conclude that the trial court's order regarding possession and access was not sufficiently specific as to the times and conditions of Mother's possession of or access to Polly, we sustain Mother's second point of error.

## III. Conclusion

We reverse the judgment of the trial court regarding Mother's possession of and access to Polly and remand this matter for further proceedings in accordance with our opinion. We affirm the trial court's order in all other respects.

Ralph K. Burgess
Justice

Date Submitted: August 6, 2018
Date Decided: August 15, 2018