**Affirmed and Opinion filed April 28, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00891-CV

## IN THE INTEREST OF Z.S., C.S-T., T.S-T., T.S-T., AND T.S-T., CHILDREN

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17CP0118**

# O P I N I O N

Appellants S.S. ("Mother") and A.T. ("Father") appeal the portion of the trial court's final order terminating their parental rights to C.S-T. ("Chantal"), T.S-T. ("Tanya"), T.S-T ("Teresa"), and T.S-T ("Teddy").[1] Mother also appeals the portion of the order terminating her parental rights to Z.S. ("Zane"). Mother and Father challenge the termination of their parental rights on a single ground: the trial court lacked jurisdiction to sign the final order because trial on the merits did not

---

[1] Father is the adjudicated father of Tanya, Teresa, and Teddy. He is Chantal's putative father.

"commence" before the statutorily prescribed date on which the court's jurisdiction expired. *See* Tex. Fam. Code § 263.401. Because we conclude that trial commenced before expiration of the court's jurisdiction, we overrule the jurisdictional challenge and affirm the final order terminating Mother's and Father's parental rights.

Zane's putative father, P.C., did not appear in the proceedings below, and the trial court terminated his parental rights. P.C. has not appealed the order terminating his parental rights.

## Background

Tanya, Teresa, and Teddy, four-month-old triplets, were hospitalized on October 17, 2017, after Mother called 911 because the children were not gaining weight. On admission, hospital personnel described the children as "skin and bones" and quite dirty and smelly; their core body temperatures were well below normal, and their heart rates were "extremely" low. The children had "really low" blood sugar, were dehydrated, and were diagnosed with "failure to thrive" due to poor feeding. All three were in critical condition and were placed in the pediatric intensive care unit (the "PICU"). Tanya, the sickest of the three, was intubated and placed on life support overnight because she was barely breathing. The children remained in the PICU for eight days. During their hospital stay, each ate well and gained a significant amount of weight.

While the triplets were in the PICU, the Department of Family and Protective Services (the "Department") was named their temporary sole managing conservator via emergency orders signed on October 20, 2017. Father was in prison at the time the triplets were placed under the Department's care.

The Department also evaluated whether Zane and Chantal were receiving appropriate care. After a Department investigator interviewed Mother and her then-

2

partner, the Department removed Zane from Mother's care and placed him with Mother's sister. The Department investigator determined that Chantal, then about eighteen months old, had not lived with Mother and her partner for several months but was living with her godmother. Chantal was placed with Mother's sister, as well.

The Department filed a termination proceeding regarding Zane and Chantal, in which the Department was named Chantal's and Zane's temporary sole managing conservator. Zane and Chantal were placed in a foster home together after their placements with Mother's sister proved unsuccessful. Once Tanya, Teresa, and Teddy were released from the hospital, they were placed together in a different foster home.

Although the termination proceeding regarding Zane and Chantal was separate from and filed subsequent to the termination proceeding regarding Tanya, Teresa, and Teddy, the trial court signed an order on February 8, 2018, consolidating Zane's and Chantal's termination case into the triplets' earlier-filed case.

On April 5, 2018, the trial court held a permanency hearing in the consolidated case and signed orders applicable to all five children. The trial court determined that October 22, 2018 was the automatic dismissal date for the case. *See* Tex. Fam. Code § 263.401(a). Under section 263.401, unless trial on the merits has commenced or an extension is granted, the trial court's jurisdiction terminates on the dismissal date and the suit is automatically dismissed without a court order. *See id*.

Before the October 22, 2018 dismissal date, however, the trial court signed an order on August 23, 2018 extending the Department's temporary conservatorship, making the necessary statutory findings to extend the court's jurisdiction, and retaining the suit on its docket. *See id.* § 263.401(b). The order stated that the suit "shall be" dismissed on April 20, 2019. *See id.* The order set the case for trial on April 8, 2019.

On April 4, 2019, the parties, including attorneys for Mother and Father, signed and filed an agreement under Texas Rule of Civil Procedure 11. The Rule 11 Agreement provided:

> The parties hereby agree to reset the trial to April 15, 2019. The parties also agree to start and stop the trial on April 15, 2019. Trial will resume on May 13, 2019. Exhibits shall still be exchanged by Wednesday, April 3, 2019 at 5pm. Objections [m]ade by 5pm on Friday, April 5, 2019. This agreement is binding upon the signatures of the parties.

On April 15, 2019, the parties appeared for trial and made announcements. The assistant district attorney representing the Department stated, "We were just doing a start and stop." Mother's counsel confirmed that the case would begin that morning but then "be recessed" until a future date. The trial court and counsel discussed whether exhibits should be admitted. The Department's counsel called Marla Allen, a Department investigator, to testify. After being sworn, Allen briefly testified that she was a Department investigator with nine years' experience. She stated she received this case on October 17, 2017, based on allegations of physical neglect of Tanya, Teresa, and Teddy. After she testified, the attorney ad litem for the children requested that the trial be stopped pursuant to the parties' Rule 11 agreement. The trial court recessed the trial.

Trial recommenced on October 7, 2019.[2] After announcements, the assistant district attorney stated, "Just for the record, we were talking about beforehand that we wanted to make sure and get on the record that this trial actually started on April 8th [sic], I believe it was." After hearing the evidence and argument of counsel, the trial judge stated that she was terminating Mother's and Father's parental rights. The trial court thereafter signed an order terminating Mother's and Father's parental rights on November 1, 2019. The trial court terminated Mother's parental rights to

---

[2] There is no explanation in the record for the delay in restarting trial.

4

all five children on predicate grounds of endangerment, constructive abandonment, and failure to complete a family service plan. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (N), (O). The trial court terminated Father's parental rights to Tanya, Teresa, and Teddy on predicate grounds of endangerment, constructive abandonment, and because Father's parental rights previously were terminated with respect to another child on grounds of endangerment. *See id.* § 161.001(b)(1)(D), (E), (M), (N).[3] The court terminated Father's parental rights to Chantal because he failed to file an admission of paternity or otherwise seek to be adjudicated as Chantal's father under chapter 160. *See id.* § 161.002(b). The trial court further found that termination of Mother's and Father's parental rights was in the children's best interests.

Mother and Father timely appealed.

## Analysis

Mother and Father (collectively, "appellants") each challenge the termination of their parental rights on a single ground: that trial commenced after the statutorily mandated dismissal date. They claim the trial court's termination decree is void because the court's jurisdiction expired before trial commenced.

In termination-of-parental-rights cases brought by the Department after September 1, 2017, a trial court automatically loses jurisdiction over a case if the court does not commence a trial on the merits or grant an extension by the dismissal

---

[3] One of the predicate acts for termination of parental rights listed in Family Code section 161.001(b)(1) is that the parent has "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." Tex. Fam. Code § 161.001(b)(M).

5

deadline provided by section 263.401(a).  Tex. Fam. Code § 263.401(a).  In pertinent part, section 263.401 provides:

> (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship . . . is terminated and the suit is automatically dismissed without a court order. . . .
>
> (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.  If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). . . .

*Id.* § 263.401(a), (b).  If the court grants an extension under subsection (b) but does not commence the trial on the merits before the dismissal date, the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order.  *Id.* § 263.401(c).

The trial court signed emergency orders naming the Department the temporary sole managing conservator of Tanya, Teresa, and Teddy on October 20, 2017.  The initial date the court's jurisdiction would expire as to the triplets without court action was October 22, 2018, the first Monday after the one-year anniversary of October 20, 2017.  *Id.* § 263.401(a).  The record does not reflect the date that the Department was named temporary sole managing conservator of Chantal and Zane, but because their termination proceeding followed the proceeding for Tanya, Teresa, and Teddy the Department could not have been named temporary sole managing

6

conservator of Chantal and Zane before October 20, 2017. After the court consolidated the two proceedings, it found in the April 5, 2018 order that the automatic dismissal date of October 22, 2018 applied to all five children. Thus, at the earliest, the initial date the court's jurisdiction would expire as to all five children without the requisite court action was October 22, 2018.

Before its jurisdiction expired, the trial court signed an order on August 23, 2018, granting an extension under section 263.401(b) and retaining the case on the docket. In this order, the trial court found "extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing appointment of the Department as temporary managing conservator is in the best interest of the children." The trial court ordered, "pursuant to § 263.401(b)(1), Texas Family Code, that this suit shall be dismissed on **April 20, 2019**, which is a date not later than the 180th day after the time described by § 263.401(a), unless a trial on the merits has commenced by that date." April 20 is within the 180-day extension period permitted by section 263.401(b). The parties appeared for trial on April 15, 2019, and participated in the proceedings described above.

Appellants do not dispute that the trial court timely granted an extension and retained jurisdiction until April 20, 2019. The question before us is whether trial on the merits commenced before April 20, 2019. *Id*. § 263.401(c). Appellants contend that the trial did not "commence" on April 15 because the April 15 proceeding was a "sham," carried out with the "sole intent" to retain the case on the court's docket beyond the automatic dismissal date. Accordingly, appellants urge, the court's jurisdiction terminated April 20, 2019, and the subsequent parental-termination order signed November 1, 2019 is void. If, on the other hand, the trial commenced

7

on April 15, 2019, as the Department argues, then the trial court retained jurisdiction over the case at the time it signed the parental-termination order.

Several courts have considered what constitutes "commencing a trial on the merits" under section 263.401. *See, e.g.*, *In re H.B.C.*, No. 05-19-00907-CV, 2020 WL 400162, at *13-14 (Tex. App.—Dallas Jan. 23, 2020, no pet. h.) (mem. op.); *In re R.J.*, 579 S.W.3d 97, 109 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *In re R.F.*, No. 04-17-00582-CV, 2018 WL 1308542, at *1 (Tex. App.—San Antonio Mar. 14, 2018, no pet.) (mem. op.); *In re D.S.*, 455 S.W.3d 750, 752-53 (Tex. App.—Amarillo 2015, no pet.). For example, in *In re H.B.C.*, the trial court called the case for trial, counsel announced ready, the court considered various pretrial matters raised by counsel, a witness was sworn and briefly testified, and the trial court invoked the rule before trial was recessed. *In re H.B.C.*, 2020 WL 400162, at *12. On appeal, the Fifth Court of Appeals determined that these actions sufficiently constituted commencement of trial on the merits. *Id.* at *14. Similarly, in *In re R.J.*, the First Court of Appeals determined that trial on the merits commenced when witnesses were sworn, counsel announced ready, pretrial matters were discussed, and the Department called a single witness who testified briefly before the trial court recessed the trial. *In re R.J.*, 579 S.W.3d at 109. In another case, the Fourth Court of Appeals determined that trial commenced even though the father in that case announced not ready and filed a motion for continuance because the trial court denied the motion and the Department called its first witness who provided brief testimony before trial was recessed. *In re R.F.*, 2018 WL 1308542, at *1. In contrast, the Seventh Court of Appeals has determined that trial on the merits did not commence when the parties appeared at a hearing but did not announce ready, the trial court immediately conducted a bench conference into how long a trial would take, and "upon receiving an answer, immediately 'recessed' the hearing and

instructed counsel to obtain a subsequent trial date from the court coordinator." *In re D.S.*, 455 S.W.3d at 752. In determining that these actions did not constitute commencement of trial, the court explained that section 263.401 "requires more than a putative call of the case and an immediate recess in order to comply with the statute." *Id.* at 753.

In today's case, the court called the case for trial on April 15, 2019, and the parties made announcements. The parties and the trial court discussed preliminary matters, including potential objections to exhibits. Though Mother's counsel and the Department's counsel both expressed readiness to address the issue, the trial court decided that the admission of exhibits should be addressed when the trial was "continued and we finish it up." The Department's investigator was sworn and briefly testified before the court recessed the trial. These actions show, and we thus conclude, that trial on the merits commenced on April 15, 2019. *See In re H.B.C.*, 2020 WL 400162, at *13-14; *In re R.J.*, 579 S.W.3d at 109; *In re R.F.*, 2018 WL 1308542, at *1; *In re D.S.*, 455 S.W.3d at 752-53.

Mother contends that the Rule 11 agreement to "start and stop" the trial on April 15 shows that trial did not actually commence on that date. To "commence" means to "start."[4] This trial started on April 15. How long it progressed before recessing, when it "stopped," or whether it "started" and "stopped" on April 15 by agreement, does not alter the conclusion that trial *started* for purposes of section 263.401(c) on April 15—the salient issue. Appellants suggest, plausibly, that beginning a trial only to introduce minimal evidence before recessing the proceeding indefinitely allows a termination case covered by section 263.401 to linger contrary

---

[4] "Commence" means "to enter upon: BEGIN" or "to have or make a beginning: START." Merriam-Webster Online Dictionary, *available at* http://merriam-webster.com/dictionary/commence (last visited March 31, 2020).

to legislative intent. Their position is not without support. *See In re J.D.G.*, 570 S.W.3d 839, 857-60 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (Brown, J., concurring). The legislature, however, is free to address that concern and could have done so in recent amendments by stating for example that a trial court's jurisdiction expires on a date certain unless the court signs a final order by that date. But section 263.401 requires only that trial on the merits "commence" by the deadline, and here trial commenced before that deadline and before the court lost jurisdiction.

We overrule Mother's and Father's sole appellate issue. We affirm the final order terminating their parental rights.

/s/     Kevin Jewell
        Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain.