**Order Vacated and Opinion filed April 26, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00619-CV

---

## IN THE INTEREST OF J.L.J., J.J., T.M.J., T.T.J., T.L.J., AND J.Q.J., CHILDREN

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-64900**

---

## O P I N I O N

In this appeal from a final order terminating parental rights, Mother and Father argue in their respective dispositive issues that the order is void because the trial court lost jurisdiction before trial commenced. We agree that trial did not commence before the extended dismissal date, and thus, the case terminated by operation of law before the trial court rendered the termination order. We therefore vacate the trial court's final order.

# I. JURISDICTION

In a suit filed by the Department seeking termination of parental rights, a trial court generally loses jurisdiction over the case on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* TEX. FAM. CODE ANN. § 263.401(a). Unless the trial court has commenced trial on the merits, the case is automatically dismissed on that date. *Id.* § 263.401(a). However, if the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the child's best interest, then the trial court may set a new automatic dismissal date that is no more than 180 days after the original dismissal date. *Id.* § 263.401(b).

## A. Trial Commenced on August 13, 2021.

This case was filed on September 10, 2019, and the Department was appointed temporary managing conservator of the children on September 25, 2019. The original dismissal date was September 28, 2020. On September 4, 2020, the trial court made the extraordinary-circumstances findings, and by agreed order, set a new dismissal date of February 22, 2021. In the same order, the trial court set the case for trial to be held on December 16, 2020. Mother and Father moved jointly for a continuance, and trial on the merits was reset for February 10, 2021. Mother and Father argue that the nonjury trial did not actually "commence" when the case was called for trial on that date.

In evaluating that argument, factors that reviewing courts have considered include the trial dated recited in the final order,[1] and whether, in the time between

---

[1] *See In re N.F.*, No. 09-19-00435-CV, 2020 WL 2070286, at *15 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.) (trial commenced on date called; date was recited in the

2

calling the case and recessing on the putative commencement date, (a) preliminary matters were addressed,[2] (b) the parties announced "ready,"[3] (c) opening statements were made,[4] (d) witnesses were sworn,[5] (e) a party called a witness to testify,[6] and (f) exhibits were admitted.[7]

According to the recitals in the final order, trial did not commence on February 10, 2021, as the Department maintains. In the first sentence of the final order, the trial court wrote, "On **August 13 and September 21, 2021**, came on to be heard before this Court Petitioner's *Suit To Terminate The Parent-Child Relationship*."[8]

---

final termination order, and record showed that on that date, the parties made announcements, the trial court heard pre-trial motions, and party called witness who was sworn in and testified).

[2] *See, e.g.*, *id.*; *In re K.T.S.N.*, No. 01-21-00456-CV, 2022 WL 96737, at *7 (Tex. App.— Houston [1st Dist.] Jan. 11, 2022, pet. denied) (mem. op.) (motion for continuance denied and Department offered its exhibits); *In re Z.S.*, 631 S.W.3d 313, 318 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (discussion of potential objections to exhibits).

[3] *Compare In re X.J.R.*, No. 04-20-00368-CV, 2021 WL 112175, at *2 (Tex. App.—San Antonio Jan. 13, 2021, pet. denied) (trial commenced because parties announced ready and gave opening statements), *cert. denied sub nom. Brantley v. Tex. Dep't of Family & Protective Servs.*, 142 S. Ct. 1157 (2022) *and In re H.B.C.*, No. 05-19-00907-CV, 2020 WL 400162, at *12 & n.17 (Tex. App.—Dallas Jan. 23, 2020, no pet.) (mem. op.) (trial commenced because absent counsel consented to trial starting without him, counsel present announced ready, and trial court heard pre-trial matters, swore in a witness, and received testimony) *with In re D.S.*, 455 S.W.3d 750, 752 (Tex. App.—Amarillo 2015, no pet.) (trial not commenced when parties did not announce ready for trial and the trial court only asked for the estimated length of trial before recessing).

[4] *See In re X.J.R.*, 2021 WL 112175, at *2 (parties announced ready and made opening statements).

[5] *See, e.g.*, *In re N.F.*, 2020 WL 2070286, at *15.

[6] *See, e.g.*, *id.*; *In re Z.S.*, 631 S.W.3d at 315.

[7] *See, e.g.*, *In re M.F.*, No. 14-19-00964-CV, 2020 WL 2832166, at *5 (Tex. App.— Houston [14th Dist.] May 28, 2020, pet. denied) (mem. op.) (parties made announcements, witnesses were sworn, court heard several motions, admitted Department's evidence, and parent testified).

[8] Bold and italics in original.

As for events occurring between the calling and recessing of trial on February 10, 2021, the entirety of those proceedings is as follows:

> THE COURT: The Court calls 2019-64900 to trial. Counsel, please make your announcements.
>
> MR. DIEU: Steven Dieu, county attorney, here for [the Department].
>
> MR. RAMIREZ: John Anthony Ramirez, attorney ad litem for mother, present before the Court.
>
> MR. FRAZIER: Judge, Steve Frazier, attorney for [Father], who is present.
>
> MR. FARIAS: Leonel Farias, ad litem for the children, present.
>
> THE COURT: And, Mr. Lee, can you raise your right hand?
>
> (Oath administered.)
>
> MR. LEE: Yes, sir.
>
> THE COURT: Thank you. Can you state your name for the record?
>
> MR. LEE: David Lee.
>
> THE COURT: Okay. Thank you. That was a great trial, everyone. We're in recess. We've made a lot of progress today.

Both Mother and Father argue that nothing meaningful or substantive occurred before the trial court recessed the proceedings, and that this was nothing more than a sham or ruse to circumvent the statutory time limits on the trial court's jurisdiction. Both liken this case to *In re D.S.*, in which the trial court called the case, asked the attorneys to approach the bench, and asked the attorneys how long they anticipated the final hearing would last. *In re D.S.*, 455 S.W.3d 750, 751 (Tex. App.—Amarillo 2015, no pet.). After an attorney answered that it would last at least half a day, the trial court recessed the proceedings and told the attorneys to see the court coordinator "and get that date set at this time." *Id.* The reviewing court concluded that trial was not commenced because "the parties never answered that

4

they were ready or not ready for trial"; "[n]o substantive action was taken"; and "[n]o preliminary matters or motions were heard." *Id.* at 752.

We agree with Mother and Father that trial did not commence on February 10, 2021. No preliminary matters were addressed; the parties did not announce ready; no opening statements were made; and no exhibits were admitted. Moreover, no party called a witness to testify; the only witness to be sworn in and testify was called by the trial court, and the witness was asked only his name. His connection to the case was left explained.

Our conclusion that trial did not commence on February 10, 2021, is borne out by the record of subsequent proceedings. The trial "resumed" on April 12, 2021, but during that session, the trial court said,

> Is there going to be a permanency before trial? And if not, Mr. Dieu, I know that's going to push it a little bit past three months; but if not or if there's not room for it, please do schedule to one of the pretrial dockets on a Friday afternoon so that way, we can circle back on this before you show up for a preferential trial setting *to determine whether the parties are going to be announcing ready*.[9]

The next setting occurred on July 26, 2021. At that time, the children's attorney ad litem told the trial court, "We've been needing to do a pretrial." The Department's attorney said that, according to his understanding of pretrial proceedings, the Department was to "announce the grounds or the objective and, of course, exchange exhibit[s]. This case—today—we are going to announce—let the parties know [the grounds on which the Department sought termination]." After the Department's attorney concluded, Father's and Mother's attorneys stated,

---

[9] Emphasis added.

**MR. FRAZIER [Father's counsel]**: And, Judge, I'm a little confused. Are we pretrialing now and trialing—and going to trial now? I'm a little confused.

**MR. RAMIREZ [Mother's counsel]**: I, too, am confused.

The trial court explained,

[I]t does not seem like this would probably take very much time to take to final trial given what I'm hearing. And *we can treat this as a pretrial if nobody's ready*, because they were kind of thinking you were all going to pretrial it. I don't want to—if everyone's kind of under the assumption that you're going to appear and try to pretrial this because it was supposed to be pretried—we were supposed to have a pretrial before you came for this trial setting—I don't want anyone to argue that due process has been violated because you just kind of got told to—to saddle up when *you didn't legitimately expect to be appearing for trial*.[10]

The case was set to resume on August 13, 2021, and the trial court clarified that trial would take place at that time:

**MR. FRAZIER**: So we're talking a pretrial conference on the afternoon of the 13th, correct, Your Honor?

**THE COURT**: No. Trial. This would be for trial.

. . .

**THE COURT** . . . And trial is being reset to 8/13—August 13th of this year at 3:15 p.m. And Mr. Dieu is—will circulate—Department to circulate exhibits by 5:00 p.m., 7/30 of 2021. *And then we will start up with trial on August 13th*. And to the extent there's any objections to exhibits, you can just argue those as they're offered.[11]

On this record, we conclude that trial "commenced" no earlier than August 13, 2021, the date stated in the final termination order.

---

[10] Emphasis added.

[11] Emphasis added.

**B.** **COVID-19 Emergency Orders Did Not Automatically Extend the Dismissal Date.**

The COVID-19 pandemic began before this case's original dismissal date. The Department argues that even if trial did not commence on February 10, 2021, the dismissal date was automatically extended by the Texas Supreme Court's Emergency Orders Regarding the COVID-19 State of Disaster. We disagree.

To recap, the trial court signed an order pursuant to Texas Family Code section 263.401(b) on September 4, 2020, extending the dismissal date to February 22, 2021, due to extraordinary circumstances. Before the extended dismissal date, the Supreme Court of Texas issued its Thirty-Third Emergency Order Regarding the COVID-19 State of Disaster.[12] As relevant to this case, section 3(b)(ii) of that order provided as follows:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> . . .
>
> b.      in all proceedings under Subtitle E, Title 5 of the Family Code:
>
> . . .
>
> (ii)      for any case previously retained on the court's docket pursuant to Section 263.401(b) or (b-1), or for any case whose dismissal date was previously modified under an Emergency Order of this Court related to COVID-19, extend the dismissal for an additional period not to exceed 180 days from the date of this Order . . . .

The Emergency Order's terms establish that the extension is not automatic. *Compare In re J.S.*, No. 05-21-00898-CV, 2022 WL 620709, at *4 n.2 (Tex. App.—

---

[12] Misc. Docket No. 21-9004 (Tex. Jan. 14, 2021), 84 Tex. B.J. 312, 312 (2021).

Dallas Mar. 3, 2022, no pet. h.) (mem. op.) (extensions not automatic; order needed to extend the dismissal date) *with In re G.F.*, No. 02-21-00267-CV, 2022 WL 524138, at *2 n.3 (Tex. App.—Fort Worth Feb. 22, 2022, pet. denied) (mem. op.) (trial court signed orders extending dismissal date). The Emergency Order gave the trial court discretion to extend the dismissal date based on the trial court's assessment of risk. Moreover, the Emergency Order identifed the maximum time that the dismissal date could be extended, but the trial court had discretion to extend the dismissal date for any period of time equal to, or less than, 180 days from the date of the Emergency Order. The existence and length of any extension could be ascertained only by examining the trial court's order, and here, the trial court's only order extending the dismissal date reset that date to February 22, 2021. Because trial was not commenced by that date, which was not further extended, the trial court lacked jurisdiction to render the final termination order.

We sustain Father's and Mother's first issue, which renders review of their remaining issues unnecessary.

## II. CONCLUSION

Consistent with the termination order's recital that the case was heard on August 13 and September 21, 2021, we conclude that the trial did not commence before the extended automatic dismissal date of February 22, 2021, and thus, the case terminated by operation of law before the trial court rendered the termination order. *See* TEX. FAM. CODE § 263.401(a), (b). We accordingly vacate the termination order pursuant to Texas Family Code section 263.401 (a) and (b).

                              /s/    Tracy Christopher
                                     Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.