In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00021-CV**
**IN THE INTEREST OF T.E., J.E., AND J.E.**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 21-09-13615-CV**

**MEMORANDUM OPINION**

Mother appeals from an order terminating her parental rights to her three children—a four-year-old son J.E., a six-year-old daughter J.E., and a ten-year-old son T.E.[1] The trial court found, by clear and convincing evidence, that statutory grounds existed for termination of Mother's parental rights and that termination of her parental rights would be in the best interest of the children.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (2). In a single issue, Mother argues that the trial court

---

[1] To protect the identity of the children, we use pseudonyms to refer to the parents and initials to refer to the children. *See* Tex. R. App. P. 9.8(b)(2).

[2] The Order of Termination also terminated the children's fathers' parental rights, but the fathers are not parties to this appeal.

1

lost jurisdiction over the case because it failed to commence trial on the merits by the deadline required by section 263.401 of the Family Code. As explained below, we affirm.

## Background

The Department of Family and Protective Services ("the Department") filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship on September 30, 2021. An Affidavit in Support of Removal by a Department representative was filed at the same time, and the affidavit stated that the Department had received a report of neglectful supervision of the children and methamphetamine manufacturing in the home. The Department was named temporary managing conservator of all three children by an order signed on October 1, 2021.

On September 30, 2022, the case was called for a bench trial. The trial court stated that the Court Appointed Special Advocate ("CASA") was present. Mother's counsel told the court that Mother was "finishing up her 30 days" in a treatment facility and could not get transportation to trial. The trial court stated, "due to some scheduling issues and other issues, everyone has agreed to commence the trial today and then come back to resume to its conclusion, correct?" On the record, the attorney for the Department, the attorney for Mother, as well as the attorneys for Father and for the children all agreed.

2

A witness for the Department was sworn in and then testified that she was an investigator for Child Protective Services and that she was assigned to this case. She stated that when she investigated this case, she had concerns that the children's basic needs were not being met.

At that point, the trial court stated, "I think I'm just going to stop you since we don't have the parents here[.]" The trial court then stated that it would recess and resume on December 8. The bench trial resumed on December 8, 2022, and it concluded on December 16, 2022. After hearing testimony from the witnesses and receiving evidence, the trial court found by clear and convincing evidence that statutory grounds existed for termination of Mother's and the fathers' parental rights and that termination of the parents' parental rights was in the children's best interest. The trial court also appointed the Department as permanent managing conservator of all three children. The court signed the final Order of Termination on December 30, 2022, and Mother filed her notice of appeal on January 24, 2023.

## Issue

In a single issue on appeal, Mother argues that the trial did not commence by the deadline required under section 263.401 of the Family Code. *See* Tex. Fam. Code Ann. § 263.401. According to Mother, the trial did not start within one year of the trial court rendering a temporary order appointing the Department as the temporary managing conservator, the trial court lost jurisdiction over the case, and the final

3

Order of Termination is void. Appellant argues the trial court's proceeding on September 30, 2022, did not constitute commencement on the merits because "no announcements were made, no pretrial matters were considered, and not a single piece of evidence was offered," citing *In the Interest of D.S.*, 455 S.W.3d 750 (Tex. App.—Amarillo 2015, no pet.). Appellant argues that because the trial court failed to comply with the requirements of section 263.401 of the Family Code, the trial court lost jurisdiction over the case, and this Court should reverse the trial court's Order of Termination and remand for a new trial.

Analysis

Issues that implicate a court's subject matter jurisdiction raise questions of law that we review under a de novo standard. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). The relevant portion of section 263.401 of the Texas Family Code states,

> [] Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

4

Tex. Fam. Code Ann. § 263.401(a). In other words, under the statute, a trial court automatically loses jurisdiction in a termination of parental rights case brought by the Department if the trial court does not commence a trial on the merits or grant an extension by the statutory dismissal deadline. *See id.*; *In re J.R.T.*, No. 09-21-00361-CV, 2022 Tex. App. LEXIS 1781, at *8 (Tex. App.—Beaumont Mar. 17, 2022, no pet.) (mem. op.); *In re N.F.*, No. 09-19-00435-CV, 2020 Tex. App. LEXIS 3650, at *47 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.); *In re K.B.*, No. 09-19-00239-CV, 2019 Tex. App. LEXIS 10570, at *8 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.).

Appellant cites to *In the Interest of D.S.*, 455 S.W.3d 750 (Tex. App.—Amarillo 2015, no pet.) and argues that the "minimal requirements for commencement" include the parties making announcements and the trial court ascertaining whether there are any pretrial matters. In *D.S.*, no witnesses were sworn or gave testimony before the statutory automatic dismissal date, and the Amarillo Court of Appeals concluded that "a putative call of the case and an immediate recess" was not a commencement of trial on the merits within the meaning of the statute. *See id.* at 753. Here, Appellant contends no announcements were made, no pretrial matters were decided, and "not a piece of evidence was offered."

We disagree with Appellant's characterization of the record in this case and find the facts in this case distinguishable from the facts in *D.S.* The record before us

5

shows the trial court called the case for trial, and the attorneys for the parties answered in agreement on the record that "due to some scheduling issues and other issues, everyone has agreed to commence the trial today and then come back to resume to its conclusion." Mother's attorney expressly agreed on the record. Then, the Department called its first witness, and some testimony was offered and received before the case was then recessed and later resumed on December 8th. So, the facts here are distinguishable from *D.S.*

We find the facts here more like the facts in *In the Interest of R.F. Jr.*, No. 04-17-00582-CV, 2018 Tex. App. LEXIS 1849 (Tex. App.—San Antonio Mar. 14, 2018, no pet.) (mem. op.), where the trial court addressed pretrial motions, and the Department called a witness who testified briefly before the trial court recessed. *Id.* at **3-4. The San Antonio Court of Appeals concluded that the record established that the trial court timely commenced trial on the merits for purposes of section 263.401(a). *See id.* at *4; *see also In re H.B.C.*, No. 05-19-00907-CV, 2020 Tex. App. LEXIS 669, at *30 (Tex. App.—Dallas Jan. 23, 2020, no pet.) (mem. op.) (the trial court called the case, counsel for all parties announced they were ready, pretrial motions were addressed, and a witness was sworn in and gave brief testimony prior to recess, and the appellate court concluded that such a proceeding constituted commencement of trial on the merits and complied with section 263.401(a)); *In re R.J.*, 568 S.W.3d 734, 747 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (witnesses

6

were sworn, the parties announced they were ready to proceed, and a witness for the Department "briefly testified" before the trial court recessed, and the appellate court concluded that such a proceeding was sufficient to establish that trial on the merits had commenced that day).

Our Court addressed a similar situation in *In the Interest of N.F.*, where the trial court called the case for trial before the statutory automatic dismissal date, the parties made their announcements, the trial court heard the pretrial motions, and the State called its first witness who was sworn in and testified. *See* 2020 Tex. App. LEXIS 3650, at *50. The order of termination stated the dates on which the trial court heard the case, which were dates before the statutory deadline. *See id.* In *N.F.*, this Court concluded that trial on the merits commenced by the statutory deadline imposed by section 263.401(a). *See id.* (citing Tex. Fam. Code Ann. § 263.401(a); *In re H.B.C.*, 2020 Tex. App. LEXIS 669, at *30; *In re R.J.*, 568 S.W.3d at 747; *In re R.F. Jr.*, 2018 Tex. App. LEXIS 1849, at **3-4).

In this case, the trial court entered a temporary order appointing the Department as temporary managing conservator of all three children on October 1, 2022. Therefore, the automatic dismissal date was the first Monday following the first anniversary date, or October 1, 2022. *See In re F.S.*, No. 09-22-00114-CV, 2022 Tex. App. LEXIS 7106, at *1 (Tex. App.—Beaumont Sept. 22, 2022, pet. filed)

(citing Tex. Fam. Code Ann. § 263.401(a)); *In re J.R.T.*, 2022 Tex. App. LEXIS 1781, at *9.

The trial court called the case for trial on September 30, 2022, and the parties announced their presence. The trial court stated that "due to some scheduling issues and other issues, everyone has agreed to commence the trial today and then come back to resume to its conclusion," and all the parties agreed. A witness for the Department was sworn in and gave brief testimony, and the trial court stated, "I think I'm just going to stop you since we don't have the parents here[.]" The trial court recessed the proceeding and set December 8, 2022, as the date on which trial would resume.

The trial resumed on December 8, 2022, and at that time the trial court stated, "we started this trial actually on September the 30th." The trial concluded on December 16, 2022. The final Order of Termination states, "[o]n September 30, 2022, December 16 [sic], 2022 and December 16, 2022, the Court heard and rendered this case."

Conclusion

Based on the entire record in this case and applicable law, we conclude that trial on the merits commenced on September 30, 2022, and that the trial commenced before the statutory automatic dismissal date imposed by section 263.401(a). *See* Tex. Fam. Code Ann. § 263.401(a). Accordingly, the trial court did not lose

jurisdiction over the case, and we overrule Appellant's sole issue on appeal. *See In re N.F.*, 2020 Tex. App. LEXIS 3650, at \*50.

Having overruled Appellant's issue, we affirm the trial court's Order of Termination.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on May 22, 2023
Opinion Delivered June 1, 2023

Before Golemon, C.J., Johnson and Wright, JJ.